IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD R. NEWSOME, <br> TDCJ #437698, <br><br> Plaintiff, <br><br> v. <br><br> MS. TUCKER, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-07-1159 |

**ORDER OF DISMISSAL**

State inmate Edward R. Newsome (TDCJ #437698) has filed a civil rights complaint under 42 U.S.C. § 1983. Newsome appears *pro se* and he seeks leave to proceed *in forma pauperis*. After considering all of the pleadings, Newsome's litigation history, and the applicable law, Newsome's motion to proceed as a pauper is denied and this case is dismissed for the reasons set forth briefly below.

Newsome has a lengthy record of filing frivolous and malicious claims in this district, which has resulted in numerous dismissals. *See Newsome v. Lavine*, Civil Action No. H-98-469 (S.D. Tex. April 6, 1998) (dismissing as frivolous and for failure to state a claim); *Newsome v. Westwood Fountainview Apartments*, Civil Action Nol H-98-559 (S.D. Tex. April 29, 1998) (dismissing as frivolous and for failure to state a claim); *Newsome v. Lavine*, Civil Action No. 98-1361 (S.D. Tex. May 18, 1998) (dismissing as malicious); *Newsome v. Westwood Fountainview Apartments*, Civil Action No. H-98-1647 (S.D. Tex. Oct. 20, 1998) (dismissing as malicious and warning Newsome against filing further frivolous

actions); *Newsome v. Thomas*, Civil Action No. H-03-5196 (S.D. Tex. Nov. 21, 2003) (dismissing as frivolous and for failure to state a claim); *Newsome v. Mohammad*, Civil Action No. H-03-5585 (S.D. Tex. Dec. 15, 2003) (dismissing the case as frivolous); *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004) (dismissing as frivolous and malicious). Because he has numerous strikes against him for filing baseless actions, other cases submitted by Newsome have been dismissed as barred by the Prison Litigation Reform Act, codified as amended at 28 U.S.C. § 1915(g). *See Newsome v. Mewis*, Civil Action No. H-02-1234 (S.D. Tex. April 11, 2002); *Newsome v. Cumming*, Civil Action No. H-02-1055 (S.D. Tex. April 2, 2002); *Newsome v. Director of Social Security*, Civil Action No. H-02-1340 (S.D. Tex. April 16, 2002).

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). In this instance, Newsome challenges a prison disciplinary case that was entered against him for his reported refusal to attend a "therapeutic program." The pleadings in this case do not show that Newsome is under imminent danger of serious physical injury. Because Newsome fails to establish that an exception applies, summary dismissal is warranted under § 1915(g).

Alternatively, Newsome's current suit is barred as the result of sanctions that have been imposed against him as a result of his history of frivolous litigation. *See Newsome v.*

*Harris County Jail Director*, Civil Action No. H-02-3192 (S.D. Tex. Sept. 19, 2002) (imposing a $300.00 sanction against Newsome); *Newsome v. Thomas*, Civil Action No. H-03-5196 (S.D. Tex. Nov. 21, 2003) (imposing a $300.00 sanction against Newsome); *Newsome v. Mohammad*, Civil Action No. H-03-5585 (S.D. Tex. Dec. 15, 2003) (sanctioning Newsome $300.00 for his repeated abuse of judicial resources); *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004) (imposing a $300.00 sanction against Newsome).  In addition to these monetary penalties, Newsome has been barred from filing any other civil rights suits in this district since 2002, unless he first pays the entire filing fee and receives advance written permission from a judicial officer.  *See Newsome v. Harris County Jail Director,* Civil Action No. H-02-3192 (S.D. Tex. Sept. 19, 2002).  More recently, another court in this district has entered a preclusion order against Newsome, directing the Clerk's Office to return "all mail" from Newsome marked "Frivolous Filer, Return to Sender."  *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004).

     Newsome has not presented proof that the sanctions imposed against him have been satisfied.  He has neither paid the filing fee in this case, nor presented written permission from a judicial officer to file this suit.  To the extent that Newsome seeks permission to proceed with his claims, this Court will not grant such leave.  Because Newsome has failed to comply with prior orders sanctioning his abusive litigation conduct, his present case must be dismissed.

     Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **DENIED**.

2. This case is **DISMISSED** as barred by 28 U.S.C. § 1915(g). Alternatively, this case is barred as the result of the preclusion order imposed in *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004).

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on April 9, 2007.

_____
Nancy F. Atlas
United States District Judge